VICTORIANO ZAPEDA ET AL. v. JOHN M. RAHM ET AL.

Decided November 16, 1898.

1. **Continuance—Admission of Fact.**

The action of the court in denying defendants' application for a continuance in order to obtain a certain document as evidence was not to their injury where plaintiffs admitted that the document was as defendants ciaimed it to be.

2. **Judgment—Res Adjudicata—Dormancy.**

A judgment does not become dormant by lapse of time so far as concerns its effect as an adjudication of the matters involved therein.

3. **Same—Same.**

A judgment which determines the question of title and possession of land does not preclude the party in whose favor it was rendered from afterwards instituting an action in trespass to try title, in the event of a subsequent entry by the other party.

APPEAL from Bexar. Tried below before Hon. ROBERT GREEN.

*Childs & McAskill,* for appellants.

*Franklin, Cobbs & McGown,* for appellees.

JAMES, CHIEF JUSTICE.—From the petition it appears that in June, 1887, a judgment was rendered in the District Court of Bexar County in favor of the appellees here, in a suit against Jesus Zapeda et al. for the recovery of the land involved in the present suit against Jesus Zapeda and Victoriano Zapeda; that in March, 1895, under a writ of possession, plaintiffs were placed in possession of the land, whereby they are owners in fee simple of the land and entitled to possession, and that thereafter said Zapeda re-entered and dispossessed plaintiffs and now holds possession against plaintiffs, and the latter prays for relief appropriate in the premises. Judgment was rendered by the court against defendants, from which they appeal.

The first assignment is to the overruling of an application for continuance. The showing was made that the petition in the original suit was missing, and defendants asked for a continuance in order to

show by said petition when found that Victoriano Zapeda was not mentioned therein and no relief asked therein against him. It appears from the court's explanation appended to the bill of exception that plaintiff admitted that the document was as defendants claimed it to be. Therefore no injury resulted to defendants from overruling the motion.

There is nothing in the second assignment, because the judgment rendered in 1888 could not become dormant in respect to its force as an adjudication. The judgment was conclusive of the title between the parties to the proceeding at that time, and in respect to this quality it remained in effect. Nor is there anything in the third assignment. The judgment in the first proceeding certainly determined the question of title and possession of this land, but this would not preclude the plaintiffs from afterward instituting another action in trespass to try title or for the purpose of obtaining relief based upon said judgment.

The evidence sustains the conclusion that Victoriano Zapeda was a party to the original proceeding, hence the fourth assignment is without any force.

The fifth assignment is not well taken. Limitation was not pleaded. Evidence of, title in Victoriano Zapeda mentioned in this assignment does not appear from the record to have been introduced or offered. The remaining assignments are certainly without merit. The judgment is affirmed.

*Affirmed.*

Writ of error refused.